IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Edward W. Nottingham**

Civil Action No. 07–cv–00610–EWN

MATTHEW J. FAIRSHTER AND
BENNETT & FAIRSHTER, LLP,

      Appellant.

v.

STINKY LOVE, INC.,

      Appellee,

IN RE:

NESBIT LEE LACY, a/k/a N. LEE LACY,

      Debtor.

Case No. 00–23048–SBB
Chapter 11

---

# ORDER AND MEMORANDUM OF DECISION

---

This is a bankruptcy appeal. Appellants Matthew J. Fairshter and Bennett & Fairshter, LLP, appeal from a bankruptcy court order issuing sanctions against them for non-compliance with the terms of an earlier sanctions order. Jurisdiction is premised upon 28 U.S.C. § 158.

## FACTUAL BACKGROUND

This case has a "sordid, tortured" history, which I have already set forth in detail in my Order and Memorandum of Decision filed August 30, 2007, affirming the bankruptcy court's first sanction order against Appellants. (*See* Order and Mem. of Decision [filed Aug. 30, 2007]

[hereinafter "First Sanction Order"].) Familiarity therewith is assumed. In as briefly a manner as possible, I address the facts relevant to the instant appeal.

On July 28, 2006, the bankruptcy court imposed sanctions upon Appellants for, *inter alia*, "furtive taking of an attorney's lien, postconfirmation, on proceeds of property subject to [Debtor Lacy's] Plan and in violation of that Plan," and "surreptitious violation of the Debtor's Plan and secret preempting, or priming, of other creditors' distributions under the Plan." (Mem. Op. and Order at 2 [filed Bankr. Ct. July 28, 2006] [hereinafter "First Bankr. Ct. Sanction Order"].) Sanctions included disallowance of all of Appellants' claims relating to prepetition legal services Appellants provided to Debtor, an accounting of all sums paid to them in both prepetition and postpetition legal fees by Debtor, and disgorgement of these fees into the bankruptcy court's registry for distribution pursuant to the confirmed plan. (*Id.* at 19.) On August 30, 2007, I affirmed this order. (*See* First Sanction Order.) On October 5, 2007, Appellants appealed to the Tenth Circuit. (*See* Notice of Appeal [filed Oct. 5, 2007] [hereinafter "Notice of Appeal"].)

Meanwhile, prior to my affirmation of the bankruptcy court's first sanction order, on March 13, 2007, the bankruptcy court sanctioned Appellants for a second time, for reasons I shall set forth below. Appellants now appeal this second sanction order. (*See* Appellant's [sic] Opening Brief [filed July 6, 2007] [hereinafter "Appellants' Br."])

After issuing the first sanction order on July 28, 2006, the bankruptcy court granted Appellants a conditional stay of judgment pending appeal to this court. (*See* Order Conditionally Granting Mot. for Stay of J. Pending Appeal [filed Bankr. Ct. Sep. 20, 2006] [hereinafter "Stay Order"].) The terms of this order required Appellants to post a supersedeas bond and to file an

accounting of all sums paid to them by Debtor in prepetition and postpetition legal fees. (*Id*. at 3.) On October 2, 2006, Appellants filed a declaration with the bankruptcy court providing only a partial accounting of these fees, and unilaterally concluding: "the total sum [of fees] listed above does not, and Appellant's [sic] believe this Court would agree, substantiate issuing a bond." (Statement of Accounting and Decl. at 2 [filed Bankr. Ct. Oct. 2, 2006].) On October 12, 2006, the bankruptcy court vacated its conditional stay, noting that "Appellants' failure to comply with this Court's specific instructions in the Conditional Order represents a continuation of the pattern of avoiding, evading, confusing, and failing to deal candidly and honestly with the Court." (Order Vacating Order Conditionally Granting Mot. for Stay of J. Pending Appeal [sic] Denying Mot. for Stay of J. Pending Appeal [filed Bankr. Ct. Oct. 12, 2006].)

On January 17, 2007, the bankruptcy court ordered Appellants to show cause why they should not be held in contempt for continued failure to abide by the July 28, 2006, order in light of the vacated stay. (Order to Show Cause and Notice of Hr'g [filed Bankr. Ct. Jan. 17, 2007] [hereinafter "Show Cause Order"].) As the bankruptcy court stated:

> To date, [Appellants] have not complied with the Court's Memorandum and Order of July 27, [sic] 2006[,] [] and subsequent Orders of this Court related thereto. The Court recognizes this matter is on appeal to the United States District Court for the District of Colorado. Nevertheless, there is no stay entered by this Court pending appeal, nor is this Court aware of any stay pending appeal issued by the District Court. Consequently, [Appellants] are in violation of this Court's Orders.

(*Id*. at 2.)[1] The bankruptcy court ordered Appellants to show cause in writing by March 2, 2007, why they should not be held in contempt. (*Id*.)

---

[1]This court had issued no stay pending appeal.

-3-

On March 6, 2007 — four days late — Appellants filed a declaration with the bankruptcy court.  (*See* Decl. of Matthew J. Fairshter Re [sic] Order to Show Cause Re [sic] Contempt [filed Bankr. Ct. Mar. 6, 2007] [hereinafter "Show Cause Decl."].)  Without citation to any legal authority, Appellants argued that their appeal of the first sanction order "stay[ed] all conduct orders which have been issued by the [bankruptcy court]."  (*Id.* ¶ 3.)  Appellants also provided an accounting of the sort originally ordered in the first sanction and stay orders, placing the value of prepetition and postpetition fees paid to them by Debtor at $15,807.36.  (*Id.*)  On March 13, 2007, the bankruptcy court held a hearing on this matter.  (*See* Min. of Proceedings [filed Bankr. Ct. Mar. 13, 2007].)  At the hearing, Appellants' only substantive defense to the contempt allegation was that they had read the first sanction order and stay order as requiring only an accounting of those postpetition fees that were *also* preconfirmation.  (*See* Tr. of Order to Show Cause Hr'g at 6 [filed Bankr. Ct. May 8, 2007] [hereinafter "Show Cause Tr."].)  Appellants did not explain their continued failure to disgorge the prepetition and postpetition legal fees as ordered on July 28, 2006.  (*See id.*)

On March 13, 2007, the bankruptcy court issued its second sanction order against Appellants, finding "[Appellant] Fairshter did not demonstrate cause why he should not be held in contempt of Court for failure to comply with Orders of this Court."  (Order for Sanctions Against Bennett & Fairshter, LLP [sic] and Matthew Fairshter, Jointly and Severally at 2 [filed Bankr. Ct. Mar. 13, 2007] [hereinafter "Second Bankr. Ct. Sanction Order"].)  Specifically, the bankruptcy court found that "[Appellants] have not complied with — and continue not to comply with — the Court's Memorandum and Opinion of July 28, 2006 [sic] [] and subsequent Orders of the Court

related thereto." (*Id*.) As a sanction, the bankruptcy court ordered: (1) a $250 fine against Appellants jointly and severally;[2] (2) disgorgement of the $15,807.36 in fees paid to them by March 20, 2007; and (3) a $500 per day sanction if Appellants did not disgorge this amount by said deadline. (*Id*. at 2–3.) On March 21, 2007, Appellants disgorged $15,807.36 into the bankruptcy court's registry. (*See* Notice of Deposit to Registry [filed Bankr. Ct. Mar. 21, 2007] [hereinafter "Deposit Notice"].)

On March 23, 2007, Appellants appealed this second sanction order to this court. (*See* Notice of Appeal [filed Bankr. Ct. Mar. 23, 2007] [hereinafter "Notice of Appeal".) On July 6, 2007, Appellants filed an opening brief before Judge Kane arguing that the bankruptcy court: (1) lacked jurisdiction to issue the first sanction order and therefore to enforce it by the second; and (2) abused its discretion in finding Appellants in contempt by less than clear and convincing evidence. (Appellants' Br. at 16–25.) On July 23, 2007, Appellee Stinky Love, Inc., moved this court to consolidate Appellants' appeal of the first sanction order with their appeal of the second, and separately moved to stay briefing in Appellants' second appeal pending resolution of this motion to consolidate. (*See* Case No. 06–cv–01531–EWN, Appellee's Mot. to Consolidate Appeals [filed July 23, 2007]; Appellee's Mot. to Stay Briefing [filed July 23, 2007].) On July 25, 2007, Judge Kane granted Appellee's motion to stay briefing. (*See* Minute Order [filed July 25, 2007].) On October 1, 2007, although I had already affirmed the bankruptcy court's first sanction order, I granted Appellee's motion to consolidate, effectively removing Appellants' second appeal

---

[2]Either misunderstanding or misrepresenting this sanction, Appellants represent to this court that they have been sanctioned $500 by the bankruptcy court. (*See* Appellants' Br. at 7.)

from before Judge Kane and placing it before myself. (*See* Order and Mem. of Decision [filed Oct. 1, 2007] [hereinafter "Consolidation Order"].)

On November 1, 2007, Appellee filed its response to Appellants' opening briefing, arguing that my August 30, 2007, order affirming the first sanction order was dispositive of the remaining issues in Appellants' second appeal. (*See* Appellee's Answer Br. on Remaining Issue in Consolidated Appeal at 1 [filed Nov. 1, 2007] [herein after "Appellee's Resp."].) Appellants did not reply. This matter is fully briefed and ripe for review.

## ANALYSIS

### 1. *Standard of Review*

A district court reviews a bankruptcy court's factual findings for clear error, and reviews its conclusions of law *de novo*. *Zions First Nat'l Bank, N.A. v. Christiansen Brothers, Inc. (In re Davidson Lumber Sales)*, 66 F.3d 1560, 1563 (10th Cir. 1995). A bankruptcy court's imposition of sanctions is reviewed for abuse of discretion. *Providian Nat'l Bank v. Vitt (In re Vitt)*, 250 B.R. 711, 723 (Bankr. D. Colo. 2000). "Abuse of discretion" is defined in this circuit as "an arbitrary, capricious, whimsical, or manifestly unreasonable judgment.'" *In re Rambo*, 209 B.R. 527, 530 (B.A.P. 10th Cir. 1997) (quoting *FDIC v. Oldenburg*, 34 F.3d 1529, 1555 [10th Cir. 1994]).

### 2. *Evaluation of Claims*

Appellants argue that the second sanction order must be reversed because the bankruptcy court: (1) lacked jurisdiction to issue the first sanction order and therefore to enforce it by the second; and (2) abused its discretion in finding Appellants in contempt by less than clear and

convincing evidence. (Appellants' Br. at 16–25.) Appellee counters that: (1) my August 30, 2007, order affirming the bankruptcy court's first sanction order is dispositive of Appellants' jurisdictional argument and that clear and convincing evidence of Appellants' contempt is manifest on the record. (Appellee's Resp. at 4–6.) Before addressing Appellants' arguments, I consider the threshold question of whether I have jurisdiction to hear this appeal in light of Appellants' appeal of my August 30, 2007, order to the Tenth Circuit. (*See* First Sanction Order; Notice of Appeal.)

### a. *This Court's Jurisdiction to Hear the Instant Appeal*

The Tenth Circuit has held that, "[a]s a general matter, a judgment in a consolidated action that does not dispose of all claims is not considered a final appealable decision." *Jackson v. Volvo Trucks N. Am., Inc*, 462 F.3d 1234, 1238 (10th Cir. 2006). To obtain review of just one part of a consolidated action, an appellant must obtain certification from a district court under Federal Rule of Civil Procedure 54(b). *Trinity Broad. Corp. v. Eller*, 827 F.2d 673, 675 (10th Cir. 1987). Finally, "[w]hile the filing of a timely notice of appeal divests the district court of jurisdiction . . . a premature notice of appeal is ineffective to transfer jurisdiction from the district court to the court of appeals." *Riggs v. Scrivener, Inc.*, 927 F.2d 1146, 1148 (10th Cir. 1991) (internal citations omitted).

In the instant case, I find Appellants' October 5, 2007, appeal of my August 30, 2007, order affirming the bankruptcy court's first sanction order premature because it was filed after my October 1, 2007, consolidation order. (*See* Notice of Appeal; Consolidation Order); *Jackson*, 462 F.3d at 1238. Appellants did not obtain certification under Rule 54(b) to appeal just one part

of this consolidated action. *See Trinity Broad. Corp*, 827 F.2d at 675. Nonetheless, my jurisdiction to hear the instant appeal is not divested by Appellants' untimely appeal because "a premature notice of appeal is ineffective to transfer jurisdiction from the district court to the court of appeals." *Riggs*, 927 F.2d at 1148. Accordingly, I turn to the merits of Appellants' two arguments.

> b. ***Bankruptcy Court's Jurisdiction to Issue the First Sanction Order and Therefore to Enforce it by the Second***

Appellants' first argument is that the bankruptcy court lacked jurisdiction to issue the first sanction order and therefore to enforce it by the second because the court somehow lost jurisdiction over the subject matter the first order when it confirmed Debtor's Chapter 11 plan. (*See* Appellants' Br. at 16–23.) Although inchoately presented, Appellants appear to argue that, because the first sanction order arose largely out of a security lien Appellants had placed on the proceeds of postconfirmation litigation between Debtor and a third party, the bankruptcy court's sanctioning of them for the same — on the theory that Appellants were thereby attempting to preempt and prime other creditors, as the lien sought to secure payment of *all* prepetition and postpetition legal fees due to Appellants — somehow exceeded the bankruptcy court's jurisdiction. (*See id*.) Appellee, by contrast, argues that my August 30, 2007, order is dispositive of the jurisdictional question because I therein held that the bankruptcy court had jurisdiction to issue the first sanction order. (Appellee's Resp. at 4.)

At the outset, I find that my prior order is not dispositive of the jurisdictional question because it was premised upon different arguments before me at that time. (*Compare* Appellant's

[sic] Brief at 19–21 [filed Oct. 9, 2006], *with* Appellants' Br. at 16–23; *see also* First Sanction Order at 16–18 [finding jurisdiction].) Specifically, it was premised upon Appellants' own apparent — and, I can only assume, inadvertent — concession that the bankruptcy court had jurisdiction. (*See* First Sanction Order at 16–18.) Because Appellants have made no such concession here, I consider the jurisdictional question anew under a *de novo* standard of review.

Authority for enforcement of a confirmed Chapter 11 plan is found in 11 U.S.C. § 1142(b), which provides:

> The court may direct the debtor and any other necessary party to execute or deliver or to join in the execution or delivery of any instrument required to effect a transfer of property dealt with by a confirmed plan, and to perform any other act, including the satisfaction of any lien, that is necessary for the consummation of the plan.

11 U.S.C.A. § 1142(b) (West 2008). Bankruptcy courts have broad authority under section 1142(b) to order actions required to ensure compliance with a confirmed plan. *See*, *e.g.*, *Harlow v. Palouse Producers, Inc. (In re Harlow Prop., Inc.)*, 56 B.R. 794, 798 (B.A.P. 9th Cir. 1985) (stating that section 1142[b] permits a bankruptcy court to "direct a recalcitrant debtor or other party to perform acts necessary to consummate the plan"). Moreover, a bankruptcy court may also enforce compliance with the terms of a confirmed plan under 11 U.S.C. § 105(a), which provides:

> The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title. No provision of this title providing for the raising of an issue by a party in interest shall be construed to preclude the court from, sua sponte, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process.

11 U.S.C.A. § 105(a) (West 2008).  Finally, a bankruptcy court may sanction parties pursuant to its own inherent authority.  *In re Vitt*, 250 B.R. at 723.

In the instant action, the bankruptcy appellate panel of the Tenth Circuit explicitly held in an earlier decision that the bankruptcy court had jurisdiction over the subject matter of the postconfirmation litigation between Debtor and the third party under sections 1142 and 105(a). *See Bennett & Fairshter, LLP v. Stinky Love, Inc. (In re Lacy)*, 335 B.R. 729, 738–39 (B.A.P. 10th Cir. 2006).  Specifically, the panel found that this litigation related to proceeds of a real property sale which had been committed to unsecured creditors under the confirmed plan and, as such, that the bankruptcy court had jurisdiction to order Debtor to deposit any proceeds of this litigation into the bankruptcy court's registry for distribution according to the plan.  *Id*. at 735, 738–39 ("The Deposit Portion of the Registry Order was well within the bankruptcy court's subject matter jurisdiction").  Despite this holding, the panel declined to hear Appellants' appeal

of this deposit order because it found they lacked standing to bring such an appeal.[3] *See id.* at 736–38.

Because the bankruptcy court had jurisdiction over the subject matter of the postconfirmation litigation, I find that it necessarily also had jurisdiction to enforce its orders relating thereto, including by sanctioning Appellants. The first sanction order penalized Appellants for attempting to preempt or prime other creditors by taking a lien in the proceeds of the postconfirmation litigation to secure payment of *all* prepetition and postpetition fees owed to them by Debtor, not just those fees relating to Appellants' representation of Debtor in the postconfirmation litigation . (*See* First Bankr. Ct. Sanction Order at 2, 5.) The second sanction order penalized Appellants for failing to abide by the terms of the first order, including the requirement that they disgorge all prepetition and postpetition fees paid to them. (*See* Second Bankr. Ct. Sanction Order at 1–2.) As such, I find that both orders were: (1) aimed at "prevent[ing] an abuse of process" under section 105(a); (2) "necessary for the consummation of

---

[3]Incidentally, the bankruptcy court expressed exasperation over Appellants' tendency to play "word games" in its written pleadings before that court. (*See* Show Cause Tr. at 33.) By way of commiseration, I note that Appellants here misrepresent the holding of this bankruptcy appellate panel decision to this court. (*See* Appellants' Br. at 9.) As Appellants relate: "[T]he only issue decided by the Bankruptcy Appellate Panel in In re Lacy . . . was as to the post petition/PRECONFIRMATION fees . . . All other matters were dismissed." (*Id*.) While it is true that Appellants' appeal of the bankruptcy court's deposit order was dismissed for want of standing, it is equally true that the panel *explicitly held* that the bankruptcy court had jurisdiction over the subject matter of the postconfirmation litigation as a necessary precondition to its *other* holding regarding fees. *See In re Lacy*, 335 B.R. at 738 (stating that, "regardless of [Appellants'] standing in this appeal, this Court has an independent obligation to review the bankruptcy court's jurisdiction" and finding "the bankruptcy court had jurisdiction"). Appellants' failure to mention this critical holding is troubling to say the least.

the plan" under section 1142(b); and (3) well within the inherent power of the bankruptcy court to issue sanctions.  11 U.S.C.A §§ 105(a), 1142(b) (West 2008); *In re Vitt*, 250 B.R. at 723.  Moreover, to the extent that any of these conclusions might be questioned, I note that the first sanction order was *separately* premised upon *other* misconduct by Appellants, including: (1) failure to become employed pursuant to section 327 of the bankruptcy code; (2) unprofessional conduct in opposing a global settlement favorable to their client; and (3) creation of a conflict of interest.  (*See* First Bankr. Ct. Sanction Order at 2.)  Appellants have not claimed — and could not plausibly claim — that the bankruptcy court lacked jurisdiction to redress such misconduct.  (*See* Appellants' Br.)  Accordingly, I find that Appellants' argument that the bankruptcy court lacked jurisdiction to issue the first sanction order and therefore to enforce it by the second fails on alternative grounds.

In urging against the above conclusion, Appellants make a series of disconnected and largely incomprehensible arguments purporting to show that the bankruptcy court lacked jurisdiction.  (*See* Appellants' Br. at 16–23.)  To the extent that these arguments may be deciphered, I briefly address them.

First, Appellants cite a slew of cases suggesting that, after confirmation of a Chapter 11 plan, parties affected by that plan may bring suit outside of the bankruptcy court to enforce new contractual rights created by the plan.  (*Id*. at 16–18.)  Thus, Appellants purport to "reason:" "Where a default exists in payments to a secured creditor pursuant to a confirmed plan, the affected creditor is not prevented from seeking foreclosure of the security in a state court based on the default just because the plan reserves jurisdiction in the Bankruptcy Court regarding the

plan and its administration." (*Id.* at 18.) This argument is nearly identical to one made in Appellants' first appeal, and my response to it there applies with equal force here: "To this court's knowledge, Appellants have not filed such a claim, but even if they had, such claim bears no relation to the motion presently at bar. Accordingly, the court accords this matter no further attention." (First Sanction Order at 20 n.5.)

Second, Appellants offer a wandering disquisition on the bankruptcy court's lack of jurisdiction over "post-confirmation claims which do not arise from the confirmed plan," all whilst omitting a single reference to sections 1142(b) or 105(a), the underlying misconduct behind the two sanction orders, or the bankruptcy appellate panel decision directly on point. (*See* Appellants' Br. at 18–21.) As best this court can divine, Appellants' entire argument amounts to the tautology that the bankruptcy court lacked jurisdiction over the postconfirmation litigation because it was postconfirmation.[4] Because such a ruling would ignore sections 1142(b) and 105(a), ignore the bankruptcy appellate panel decision directly on point, and be absurd as it would prevent the bankruptcy court from enforcing Debtor's confirmed plan, I decline to so hold.

---

[4] Appellants also cite Judge Matsch's utterly inapplicable decision reversing postconfirmation conversion of Debtor's Chapter 11 proceeding into a Chapter 7 proceeding to suggest that the bankruptcy court somehow lacked authority to issue the sanction orders because assets in the bankruptcy estate reverted to Debtor upon confirmation of the Chapter 11 plan. (*See* Appellants' Br. at 19.) Despite the utter absurdity of this argument as it would render section 1142(b) a nullity by preventing the bankruptcy court from enforcing the terms of the confirmed plan, I need only invoke Judge Matsch's own logic on this point to refute Appellants' argument. In reversing the bankruptcy court's postconfirmation conversion on the grounds that the trustee no longer held title to Debtor's assets, Judge Matsch reasoned that such conversion was unnecessary to protect the terms of the Chapter 11 confirmed plan because: "[a]fter confirmation, the Bankruptcy Court retains jurisdiction to interpret, enforce, or aid the operation of a plan of reorganization." *Lacy v. Stinky Love, Inc. (In re Lacy)*, 304 B.R. 439, 444, 447 (D. Colo. 2004).

Lastly, Appellants repeat their earlier, remarkable argument that the lien they placed on the proceeds of the postconfirmation litigation to secure payment of all prepetition and postpetition fees was not "in derogation" of the confirmed plan because the bankruptcy court only ordered deposit of these proceeds into the bankruptcy court's registry upon discovery of this lien and realization that the proceeds would otherwise be improperly diverted from other creditors. (*See* Appellants' Br. at 22.) As I noted in my August 30, 2007, order addressing this same argument: "In its astonishment, this court can only employ a metaphor previously used by the bankruptcy court: '[i]f a bank robber tried to rob a bank but was not successful, then, was no crime committed?'" (Sanction Order at 11 [citation omitted].)

Accordingly, I reject Appellants' argument that the bankruptcy court lacked jurisdiction to issue the first sanction order and therefore to enforce it by the second.

### c.  *Bankruptcy Court's Abuse of Discretion in Finding Appellants in Contempt*

Appellants next argue that the bankruptcy court abused its discretion in finding them in contempt by less than clear and convincing evidence. (Appellants' Br. at 23–24.) Specifically, Appellants argue that: (1) it is a *movant's* burden to prove contempt by clear and convincing evidence, and this burden is definitionally unmet as the bankruptcy court imposed sanctions *sua sponte*; (2) the bankruptcy court did not establish contempt by clear and convincing evidence; and (3) Appellants' good faith belief that they were not violating the bankruptcy court's orders renders the second sanction order without force. (*Id.*) Given the utter frivolity of these arguments, I need only address each briefly in turn.

First, Appellants' claim that the second sanction order fails for want of a movant is as bereft of cited authority as it is preposterous. Appellants cite only two cases for this proposition, neither of which hails from the Tenth Circuit or is on point. (*See* Appellants' Br. at 23.) Instead, both cases simply state that, *when a movant moves for contempt against an adverse party*, *that movant* must establish contempt by clear and convincing evidence. *See United States v. Ayres*, 166 F.3d 991, 994 (9th Cir. 1998); *KSM Fastening Sys. Inc. v. H.A. Jones Co., Inc.*, 776 F.3d 1552, 1524 (Fed. Cir. 1985). Because Appellants have failed to cite a single case suggesting that a court lacks the inherent authority to hold a litigant in contempt *sua sponte*, and because section 105(a) explicitly grants the bankruptcy court the power to "sua sponte, tak[e] any action or mak[e] any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process," I need not consider this frivolous argument further. 11 U.S.C.A. § 105(a) (West 2008).

Second, Appellants' assertion that the bankruptcy court did not establish contempt by clear and convincing evidence ignores the applicable standard of review, which is abuse of discretion. *See In re Vitt*, 250 B.R. at 723. Appellants have cited no Tenth Circuit authority suggesting that a bankruptcy court acting *sua sponte* must establish contempt by any specific standard of proof, and this court is aware of none. (*See* Appellants' Br. at 23–24.) Nonetheless, even were I to review the second sanction order *de novo* applying a clear and convincing standard of proof, I would still find it was proper as the record clearly demonstrates that Appellants: (1) failed to disgorge their prepetition and postpetition fees until March 21, 2007, despite being under order to do so since July 28, 2006; and (2) failed to provide a complete accounting of these fees

until March 6, 2007, despite being under order to do so since July 28, 2006. (*See* First Bankr. Ct. Sanction Order at 19; Deposit Notice; Show Cause Decl. at 6.) Accordingly, I reject Appellants' second argument.

Third, Appellants' claim that their good faith belief that they were not violating the bankruptcy court's orders renders the second sanction order impotent is also without cited support. The one case Appellants cite for this proposition comes from the Ninth Circuit, and even this case acknowledges that "there is no good faith exception to the requirement of obedience to a court order." *In re Dual Deck Video Cassette Recorder Anti-Trust Litig.*, 10 F.3d 693, 695 (9th Cir. 1993). Moreover, even assuming such a good faith exception existed and applied in the Tenth Circuit, the bankruptcy court's assessment of Appellants' credibility in *claiming* a good faith belief that they were not violating the bankruptcy court's orders would still only be reviewed for clear error. *See In re Davidson Lumber Sales*, 66 F.3d at 1563 (bankruptcy court's factual findings are reviewed for clear error). Here, the bankruptcy court found that Appellant Fairshter was "not reliable, not trustworthy, and not [a] credible witness," and further stated that his assertion of good faith mistake in misconstruing the court's orders could "only be characterized as evasion and delay." (Show Cause Tr. at 30.) Because Appellants have provided no basis on which to question this credibility assessment of Appellant Fairshter, much less hold it was clear error, I find Appellants' purported good faith mistake in misinterpreting the bankruptcy court's orders is insufficient to prove that the bankruptcy court abused its discretion.

3.   *Conclusion*

Based on the foregoing it is therefore ORDERED that:

1. Appellants' appeal (# 21) is DENIED. The bankruptcy court's sanction order is

    AFFIRMED.

Dated this 24th day of January, 2008

                                                            BY THE COURT:


                                                            s/ Edward W. Nottingham
                                                            EDWARD W. NOTTINGHAM
                                                            Chief United States District Judge